Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| FIRSTBANK PUERTO RICO<br><br>Demandante-Apelado<br><br>v.<br><br>HUGO JOSUÉ SANTIAGO HERNÁNDEZ; GLORIVEE ORTIZ RIVERA<br><br>Demandados-Apelantes | TA2026AP00175 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: BY2022CV01456<br><br>Sobre: Ejecución de Hipoteca *In Rem* |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de febrero de 2026.

Luego de que una transacción puso fin a una demanda sobre ejecución de hipoteca, el Tribunal de Primera Instancia (TPI) desestimó, sin perjuicio, una reconvención presentada a raíz de la forma en que el banco manejó, antes de presentada la demanda, una solicitud de *loss mitigation*. Por derecho propio, el demandado reconviniente apela y, según se explica a continuación, concluimos que actuó correctamente el TPI, pues, a la luz del récord, la reconvención no articula una causa de acción viable.

I.

En marzo de 2022, FirstBank Puerto Rico (el "Banco") presentó la acción de referencia, sobre ejecución de hipoteca *in rem* (la "Demanda"), en contra del Sr. Hugo Josué Santiago Hernández (el "Apelante") y la Sa. Glorivee Ortiz Rivera (la "Exesposa"). Alegaron que el inmueble objeto de la Demanda constaba inscrita en el Registro de la Propiedad a favor de los demandados.

En mayo de 2022, el Apelante contestó la Demanda y reconvino. A través de la reconvención, alegó que el Banco había

iniciado la Demanda "sin haber concluido el proceso de *loss mitigation* ... y sin haber notificado una decisión respecto a dicha solicitud". Planteó que el Banco había violado su obligación de "obrar de buena fe al negarse de plano a evaluar" dicha solicitud. Adujo que ello había impedido "la transacción propuesta ... ocasionando pérdidas, gastos, angustias y sufrimientos mentales".

El Banco contestó la reconvención. Alegó que el Apelante "nunca sometió una solicitud de mitigación de pérdidas completa ya que no contó con la comparecencia, aportación y/o información de la co-deudora y co-titular [la Exesposa]."

Luego de varios trámites, incluidos varios referidos al Centro de Mediación, en agosto de 2025, el Apelante y el Banco llegaron a un acuerdo, de conformidad con el cual el Banco solicitó el desistimiento voluntario de la Demanda así como la desestimación de la reconvención.

A raíz de que su representación legal renunciara, el Apelante, por derecho propio, se opuso a la desestimación de la reconvención. Sostuvo que, luego de presentada la Demanda, el Banco "obstaculizó cualquier solución" y "persistió obstinadamente en la exigencia improcedente de la firma de la codeudora", ello "a pesar de contar con [una] escritura de cesión de participación debidamente inscrita desde el 5 de septiembre de 2024". El Apelante hizo referencia a varios hechos ocurridos a partir de enero de 2025 (SUMAC núm. 70 y 72).

El Banco replicó. Advirtió que lo planteado por el Apelante se refería a hechos ocurridos luego de presentada la reconvención, pero la misma nunca fue enmendada para incorporarlos.

Mediante una Sentencia notificada el 20 de enero de 2026, el TPI, en lo pertinente, desestimó sin perjuicio la reconvención.

El 18 de febrero, por derecho propio, el Apelante presentó el recurso de referencia. Señaló que el TPI había errado al anotarle la

rebeldía a la Exesposa y que ello le privó de una "mediación efectiva e integral, privándolo de la oportunidad de resolver la controversia de forma temprana y obligándolo a un calvario procesal". Además, arguyó que la reconvención no debió ser desestimada porque había sufrido daños a raíz del "agotamiento de recursos y las angustias mentales ... durante años de litigio innecesario". De conformidad con lo autorizado por la Regla 7(B)(5) de nuestro Reglamento, resolvemos sin trámite ulterior.

## II.

La Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite que una reclamación sea desestimada por ciertas razones, entre ellas el dejar de exponer una reclamación que justifique la concesión de un remedio. El tribunal debe ponderar la moción de forma que se tomen "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas", y deberá interpretarlos conjuntamente, liberalmente y de la forma más favorable para la parte demandante. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-29 (2008).

El contenido de una demanda debe incluir "una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio...". Regla 6.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. No es necesario entonces, que la parte demandante detalle minuciosamente en sus alegaciones lo ocurrido, sino que demuestre a grandes rasgos los méritos de su reclamación. *Torres Torres v. Torres Serrano*, 179 DPR 481, 501 (2010).

Asimismo, una moción de desestimación al amparo de la Regla 10.2(5) procederá si el TPI determina que, a la luz de la situación más favorable al demandante y resolviendo toda duda a su favor, la demanda es insuficiente para constituir una

reclamación válida. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012); *Colón v. San Patricio Corp.,* 81 DPR 242, 266 (1959). En otras palabras, el promovente de la moción de desestimación tiene que demostrar que, presumiendo que lo allí expuesto es cierto, la demanda no expone una reclamación que justifique la concesión de un remedio. *Rosario v. Toyota*, 166 DPR 1, 7 (2005); *Pressure Vessels v. Empire Gas*, 137 DPR 497, 505 (1994).

III.

Actuó correctamente el TPI porque la reconvención no expone una causa de acción viable. Además de que la misma está huérfana de hechos específicos y concretos que pudiesen hacer al Apelante acreedor a remedio alguno, el propio Apelante no controvierte el hecho de que, **a dicha fecha**, no podía haber una solicitud completa de mitigación de pérdidas ante la ausencia de participación de, o información sobre, la Exesposa, según alegado por el Banco al contestar la reconvención.

Peor aún, todo lo planteado ahora por el Apelante hace referencia a hechos que nada tienen que ver con la reconvención, pues ocurrieron luego de su presentación. De hecho, la Sentencia, al desestimar la reconvención sin perjuicio, no impide que el Apelante inicie una acción sobre la base de los hechos que ahora expone le harían acreedor a un remedio.

Finalmente, en cuanto a la anotación de rebeldía a la Exesposa, no tenemos jurisdicción para revisar esta decisión. En primer lugar, se trataría de un asunto que tendría que ser planteado por quien tiene legitimación activa al respecto (la Exesposa). En segundo lugar, este asunto, en cuanto al Apelante se refiere, se tornó académico, pues la Demanda se transigió. Adviértase, además, que no existe en nuestro ordenamiento una causa de acción por causa de que un litigio se extienda más tiempo del que una parte pudiese

desear. El único remedio en este contexto es la solicitud de honorarios de abogado por temeridad, de ser aplicable.

IV.

Por los fundamentos que anteceden, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones